Ice Service Co.. Inc., and National Ice & Coal Co., Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 8930. Promulgated November 28, 1927.

*Harry Schwartz, Esq.*, and *Theodore R. Benson, Esq.*, for the petitioners.

*J. Harry Byrne, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioners allege that the Commissioner erred in refusing to permit them to make a consolidated return as affiliated corporations within the meaning of section 240(c) of the Revenue Act of 1921.

The section in question prescribes the requirements for affiliation as follows:

SEC. 240. (c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all of the stock of the other or others, or (2) if substantially all of the stock of two or more corporations is owned or controlled by the same interests.

In interpreting the statute and its kindred provision of the Revenue Act of 1918, it has been held that there must be full and complete control of substantially all the stock and that this control must be a genuine one actually exercised. *Appeal of Isse Koch & Co.*, 1 B. T. A. 624; *Appeal of Cleveland & Mahoning Valley Railway Co.*, 4 B. T. A. 1040; *Benjamin Electric Manufacturing Co.* v. *Commissioner*, 6 B. T. A. 1204. Control of the business of a corporation is not control of its stock, within the meaning of the statute, and where there is control of a corporation's business, but there are quiescent stockholders present, representing a sizeable minority, such business control does not amount to the control of substantially all of the stock. *Appeal of Watsontown Brick Co.*, 3 B. T. A. 85.

After January 10, 1921, the Ice Service Co., Inc., owned approximately 68 per cent of the stock of the National Ice & Coal Co. but we have frequently held that this fact, standing alone, is not sufficient to constitute statutory ownership or control of substantially all the stock. *Appeal of Associated Gas & Electric Co.*, 2. B. T. A. 263; *Park Bros. & Rogers, Inc.* v. *Commissioner*, 6 B. T. A. 719; *Appeal of Goldstein Bros. Amusement Co.*, 3 B. T. A. 408. By the end of the year the Ice Service Co., Inc., had increased its ownership in the other company to 75.3 per cent, but we do not know the dates when the additional shares were acquired.

The petitioners assert, nevertheless, that the minority stock was controlled by the Ice Service Co. Inc., due to the fact that by pur-

chase of claims against the National Ice & Coal Co. and by endorsement of its notes a total indebtedness from the latter company to the former was created in the sum of $247,342.46, and that as a creditor in such a large amount and because the minority stock was owned by scattered stockholders, the Ice Service Co. Inc., could control the payment of dividends to the minority stockholders and render the voting rights of their stock of no effect.

We do not think that the above facts warrant the conclusions which the petitioners attempt to draw therefrom. The Ice Service Co. by its purchase of claims and endorsement of notes was a creditor of the National Ice & Coal Co. in a large amount, but it does not follow that for this reason it could control the payment of dividends upon the corporation stock to a greater extent than any other creditor possessing a similar claim but not a stockholder. And even assuming that the position of a creditor permits one to press his claim and thus possibly to defeat the right of a stockholder to receive dividends, this does not constitute control of a minority stockholder's stock. He still has the right to vote his stock and thus oppose the wishes of the majority if he so desires. True, the votes of the minority will not determine the policies of the corporation when the majority of the voting shares is held by one individual or corporation, but such control of the policies and financial affairs of the corporation as an entity does not amount to control of the individual stockholder or his stock. There must be a control of the voting rights. *Appeal of Canyon Lumber Co.*, 1 B. T. A. 473; *Adaskin-Tilley Furniture Co.* v. *Commissioner*, 6 B. T. A. 316.

The petitioners also rely upon the facts that two of the officers of the Ice Service Co. were elected president and vice president, respectively, of the National Ice & Coal Co. soon after the stock purchase; that each company had the same general counsel; and that a purchasing agent was appointed by the Ice Service Co. board to act for that corporation and its subsidiaries. It does not appear whether the purchasing agent did, in fact, act for the National Ice & Coal Co., or whether the resolution intended that he should do so, but even supposing that he did purchase for both companies, still the fact that certain officers of the one company were officers of the other, standing by itself, does not show control of minority stock either by the Ice Service Co., or by the same interests.

*Judgment will be entered for the respondent.*

Considered by MORRIS and SIEFKIN.